UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RESURRECTION SCHOOL, et al.,       )
          Plaintiffs,       )
                              )     No. 1:20-cv-1016
-v-                                )
                              )     Honorable Paul L. Maloney
ROBERT GORDON, et al.,       )
          Defendants.       )
                              )

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiffs' motion for a temporary restraining order ("TRO") or, in the alternative, a preliminary injunction (ECF No. 7). For the reasons to be explained, the Court will deny the request for a TRO.

Plaintiff Resurrection School ("Resurrection") is a private Catholic school in Lansing, Michigan. Plaintiff Christopher Mianecki is the father to three Resurrection students of various ages. Plaintiff Stephanie Smith is the mother of a student in the Diocese of Lansing. Together, they observe that Defendant Gretchen Whitmer, since declaring a state of emergency in March 2020, has issued multiple executive orders designed to slow the spread of the coronavirus, including requiring "elementary school children to wear masks throughout the entire school day" (ECF No. 1, Complaint, at ¶ 4).

On October 2, 2020, the Michigan Supreme Court declared that Governor Whitmer (1) did not possess the authority to under the Emergency Management Act declare a state of emergency after April 30, 2020, and (2) did not possess the authority to exercise emergency powers under the Emergency Powers of the Governor Act because that act is an unlawful

delegation of legislative power. *In re Certified Questions from the United States Dist. Ct.*, ___ N.W.2d ___, 2020 WL 5877599, at *1 (Mich. Oct. 2, 2020).

On October 5 and again on October 9, relying on Michigan's Public Health Code, the Director of Michigan's Department of Health and Human Services Robert Gordon issued Emergency Orders. These Emergency Orders largely implement the same restrictions that would have gone into effect on October 9 under the Executive Orders issued by Governor Whitmer. In particular, everyone over the age of five must wear a face covering while outside of the home, including while at school.

Plaintiffs complain that the face covering requirement violates their federal constitutional rights by interfering with their sincerely held religious beliefs. Specifically, Plaintiffs complain that Director Gordon's order violates their rights to (1) freely exercise their religion, (2) the substantive due process right to family integrity, (3) equal protection, (4) freedom of speech, and (5) freedom of association. Plaintiffs also allege that the face covering requirement violates Michigan law and the Michigan Constitution.

Courts must carefully scrutinize requests for temporary restraining orders and strictly enforce the stringent requirements imposed by Rule 65(b) because "our entire jurisprudence runs counter to the notion of court action before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 7 of Almeda County*, 415 U.S. 423, 439 (1974). The decision to grant or deny a temporary restraining order falls within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) ("The district court's decision to grant a temporary restraining order, when appealable, is

reviewed by this court for abuse of discretion."). Under Rule 65, a court may issue a TRO without notice to the adverse party only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or verified complaint showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B).

Further, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Northeast Ohio Coalition for Homeless and Service Employees Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). The four factors are not prerequisites that must be met, but are interrelated concerns that must be balanced together. *See Northeast Ohio Coalition*, 467 F.3d at 1009. When a court considers the four factors as part of a constitutional challenge, " 'the likelihood of success on the merits often will be the determinative factor.' " *Thompson v. DeWine*, ___ F.3d ___, 2020 WL 5742621, at *2 (6th Cir. Sept. 16, 2020) (quoting *Obama for America v. Husted*, 697 F.3d 423, 436 (6th Cir.2012)).

The Court finds that Plaintiffs will not suffer irreparable harm before Defendants can be heard in opposition to the request for injunctive relief because Plaintiffs have waited too long to seek emergency *ex parte* relief.

3

"[A]n unreasonable delay in filing for injunctive relief will weigh against a finding or irreparable harm." *Allied Erecting & Dismantling Co., Inc. v. Genesis Equip. & Mfg., Inc.*, 511 F. App'x 398, 405 (6th Cir. 2013); *see, e.g.*, *Crookston v. Johnson*, 841 F.3d 396, 398 (6th Cir. 2016) (involving a last minute challenge to election rules); *Forry, Inc. v. Neundorfer, Inc.*, 837 F.2d 259, 267 (6th Cir. 1988) (involving a delayed claim for copyright infringement).

On July 17, 2020, Defendant Whitmer issued Executive Order 2020-153, which required all individuals over the age of five to wear a face covering when in any indoor public space. On July 29, 2020, Defendant Gordon issued an Executive Order under the Public Health Code with the same restriction. Thus, the injuries identified in the complaint and motion arose well before Plaintiffs filed their complaint on October 22. Resurrection began in-person instruction in August, and at that time, it knew that all individuals over the age of five had to wear face coverings while indoors. And Plaintiffs cannot rely on the October 2, 2020 Opinion from the Michigan Supreme Court as the critical event because Director Gordon has been issuing similar Emergency Orders under the Public Health Code since May. Although the specific Emergency Order at issue was published by Defendant Gordon on October 9, the challenged face covering restriction is not new.

With the warning against *ex parte* injunctive relief in *Granny Goose* in mind, the Court concludes that the time elapsed since implementation of the face covering rule undermines Plaintiffs' claim that irreparable injury will occur before Defendants can be heard in opposition. Accordingly,

5

**IT IS HEREBY ORDERED** that Plaintiffs' motion for a temporary restraining order (ECF No. 7) is **DENIED.**

**IT IS SO ORDERED.**

Date:  October 30, 2020   /s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge