UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RESURRECTION SCHOOL, *et al.*,   )
             Plaintiffs,   )
                                 )    No. 1:20-cv-1016
-v-                                        )
                                 )    Honorable Paul L. Maloney
ROBERT GORDON, *et al.*,   )
             Defendants.   )
                                 )

<u>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION</u>

This matter is before the Court on Plaintiffs' motion for a preliminary injunction (ECF No. 7). Plaintiffs seek to enjoin Defendant Director of Michigan Department of Health and Human Services Robert Gordon from enforcing his December 7, 2020 Emergency Order as applied to them, effectively eliminating the face covering requirement for children attending kindergarten through fifth grade at religious schools.

I.

On November 15, 2020, Director Gordon issued an emergency order requiring all individuals over the age of five to wear a face covering or face mask in most settings (*see* ECF No. 14-23). On December 7, 2020, shortly before the original order expired, Director Gordon issued a second emergency order extending the mandate through December 20, 2020.[1]

---

[1] The December 7 emergency order is not attached to any filings as an exhibit, but it is explicitly referred to in Plaintiffs' First Amended Complaint (*see* ECF No. 21 at ¶ 19). The face mask requirements in the December 7 order are identical to the face mask requirements in the November 15 order (*compare* ECF No. 14-23 with December 7 order, available at https://www.michigan.gov/documents/coronavirus/Masks_and_Gatherings_order_-_12-7-20_709796_7.pdf (last accessed December 16, 2020)).

Plaintiffs are a Catholic school and parents of children who attend Catholic schools. They argue that face masks present challenges for young students, and that they interfere with the free exercise of the students' religion. Accordingly, Plaintiffs seek a preliminary injunction enjoining enforcement of Director Gordon's emergency orders against them (ECF No. 7). Plaintiffs' amended complaint brings five claims (ECF No. 21). Plaintiffs allege that (1) the orders violate the First Amendment's Free Exercise Clause; (2) that they are unlawful exercises of authority under Michigan law; (3) that M.C.L. § 333.2253 (the source of Director Gordon's authority to issue the orders) violates the Non-Delegation Clause of the Michigan Constitution; (4) that the orders violate the Substantive Due Process Clause of the Fourteenth Amendment and the Michigan Constitution; and (5) that the orders violate the Equal Protection Clause. Defendants oppose the motion (ECF Nos. 18, 19). The Court has determined that oral argument on the motion is unnecessary.

## II.

A trial court may issue a preliminary injunction under Federal Rule of Civil Procedure 65. A district court has discretion to grant or deny preliminary injunctions. *Planet Aid v. City of St. Johns, Michigan*, 782 F.3d 318, 323 (6th Cir. 2015). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The purpose of a preliminary injunction is to preserve the status quo. *Smith*

*Wholesale Co., Inc. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854, 873 n. 13 (6th Cir. 2007) (quoting *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004)).

To determine whether a plaintiff has met this high bar, a court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quoting *Northeast Ohio Coalition for Homeless & Service Employees Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). The four factors are not prerequisites that must be established at the outset but are interconnected considerations that must be balanced together. *Northeast Ohio Coalition*, 467 F.3d at 1009; *Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006). "When a party seeks a preliminary injunction on the basis of a potential constitutional violation, however, the liklihood of success on the merits often will be the determinative factor." *Commonwealth of Kentucky v. Beshear*, ___ F.3d ___, 2020 WL 7017858, at *2 (6th Cir. Nov. 29, 2020) (quoting *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014)) (cleaned up).

### III.

The Court must first determine whether Plaintiffs have established a liklihood of success on the merits of their claims.[2]

---

[2] Plaintiffs raise several arguments in their motion for preliminary injunction that have since been abandoned (*see* First Amended Complaint, ECF No. 21). Therefore, the Court only considers the claims that remain in the Amended Complaint.

Plaintiffs first argue that Director Gordon's orders violate their right to freely exercise their religion under the First Amendment. The Sixth Circuit recently summarized the basic legal landscape in *Commonwealth v. Beshear*, 2020 WL 7017858, at *2:

> "The Free Exercise Clause of the First Amendment, which has been applied to the States through the Fourteenth Amendment, provides that 'Congress shall make no law respecting an establishment of religion, or *prohibiting the free exercise thereof* . . . .' " *Church of Lukumi Babalu Aye, Inc v. Hialeah*, 508 U.S. 520, 531 (1993) (alteration in original) (internal citation omitted). "On one side of the line, a generally applicable law that incidentally burdens religious practices usually will be upheld." *Roberts v. Neace*, 958 F.3d 409, 413 (6th Cir. 2020) (order) (per curiam) (citing *Emp. Div., Dep't of Human Res. of Oregon v. Smith*, 494 U.S. 872, 878-79 (1990)). "On the other side of the line, a law that discriminates against religious practices usually will be invalidated because it is the rare law that can be 'justified by a compelling interest and is narrowly tailored to advance that interest.' " *Id.* (quoting *Church of Lukumi*, 508 U.S. at 533).

An order usually falls on the prohibited "side of the line" for one of three reasons. First, if it is motivated by animus towards people of faith in general or towards one faith in particular. *Church of Lukumi*, 508 U.S. at 553. Second, if it regulates only religious activity. *Hartmann v. Stone*, 68 F.3d 973, 976 (6th Cir. 1995). Or third, it might appear to be generally applicable, but be so full of exceptions for comparable secular activities that in practice, it is not neutral or generally applicable. *See, e.g., Ward v. Polite*, 667 F.3d 727, 738 (6th Cir. 2012). There is no argument from Plaintiffs in this case that Director Gordon is motivated by animus towards people of faith or that he has required only religious children to wear masks. Thus, the Court considers only the third question: are the challenged orders truly neutral and generally applicable?

This Court finds it useful to begin its analysis with *Commonwealth v. Beshear*, 2020 WL 7017858. On November 18, Kentucky Governor Andrew Beshear issued an executive

4

order prohibiting in-person instruction at all public and private elementary and secondary schools in the Commonwealth. *Id.* at *1. That order excepted only a very small group in-person targeted services and private homeschools. *Id.* Plaintiff Danville Christian Academy sued, arguing that Governor Beshear's order violated their Free Exercise rights. *Id.* The district court granted plaintiff's request for preliminary injunctive relief and enjoined enforcement of the order as applied to private, religious schools. *Id.* On appeal, the Sixth Circuit found that the challenged order "applies to all public and private elementary and secondary schools in the Commonwealth, religious or otherwise; it is therefore neutral and of general applicability and need not be justified by a compelling governmental interest." *Id.* at *2. The Court found that the "contours of the order at issue here also in no way correlate to religion, and cannot be plausibly read to contain even a hint of hostility towards religion." *Id.* at *3. Because the challenged order was neutral and generally applicable, the Circuit found that Danville Christian Schools had failed to demonstrate a substantial liklihood of success on its claim, and stayed the injunction pending appeal. Plaintiff has applied to the Supreme Court to vacate the Sixth Circuit's stay, but the Supreme Court has not yet ruled on that application. *Danville Christian Academy, Inc. v. Beshear*, No. 20A96 (filed Dec. 1, 2020).

The Court finds this analysis directly applicable to the case at bar. Director Gordon's orders require all individuals over the age of five to wear a face mask in public. This requirement is in place whether they are attending a religious school, a secular school, running errands, or participating in some other facet of daily life. The exceptions listed in the order are very narrow and discrete: individuals may remove their mask while voting,

attending a public religious worship ceremony, eating, drinking, speaking to an audience more than six feet away, or receiving a service that requires removal of a mask. But these exceptions apply to public schools and private schools equally, and they apply to secular schools and religious schools equally. The exceptions—some of which, like eating and drinking, cannot be accomplished while wearing a mask—do not reveal any lack of neutrality. The order is clear: individuals over the age of five *must* wear a mask when they are out in public. Therefore, given the near-universal mask requirement, the Court finds nothing in the contours of the order at issue that correlate to religion, and finds that the order "cannot be plausibly read to contain even a hint of hostility towards religion." *Id.* at *2. The Court finds that the challenged face-mask requirement is neutral and generally applicable. Any burden on Plaintiffs' religious practices is incidental, and therefore, the orders are not subject to strict scrutiny. *Id.* at *3. Plaintiffs have failed to establish a liklihood of success on the merits of their First Amendment claim.

Plaintiffs also argue that Director Gordon has exceeded the authority given to him by M.C.L. § 333.2253(1), and that M.C.L. § 333.2253 is an impermissible delegation of legislative authority that violates the Michigan Constitution. These questions of state law have not yet been considered by the Michigan courts. Thus, rather than interpret a novel question of state law for the first time—particularly a question of state law that might affect every citizen over the age of five in the state of Michigan—this Court declines to address the state law questions for the purposes of this motion.

Finally, Plaintiffs argue that Director Gordon's orders violate the Equal Protection clause because individuals may remove their face covering in some circumstances. Plaintiffs'

6

argument here is conclusory and unpersuasive: There is nothing in the face-mask requirement that treats similarly situated groups of individuals differently. Every person over the age of five must wear a mask when outside the home, and the exceptions apply universally. Plaintiffs have not demonstrated a liklihood of success on their Equal Protection claim.

## IV.

Plaintiffs have failed to establish a liklihood of success on the merits on any of their claims. This is determinative: The Court need not balance the remaining factors, and the request for preliminary injunctive relief must be denied. *Commonwealth v. Beshear*, 2020 WL 7017858at \*4.

## ORDER

For the reasons stated in this opinion,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for a preliminary injunction (ECF No. 7) is **DENIED.**

**IT IS SO ORDERED.**

Date: December 16, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge