UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RESURRECTION SCHOOL,
CHRISTOPHER MIANECKI, individually
and as next friend on behalf of his minor
children C.M., Z.M., and N.M.,
STEPHANIE SMITH, individually and as
next friend on behalf of her minor child
F.S.

              Plaintiffs,

v.

ROBERT GORDON, in his official
capacity as the Director of the Michigan
Department of Health and Human
Services, DANA NESSEL, in her official
capacity as Attorney General of the State
of Michigan, LINDA S. VAIL, in her
official capacity as the Health Office
of Ingham County, CAROL A. SIEMON, in
her official capacity as the Ingham County
Prosecuting Attorney,

              Defendants.

No.  1:20-cv-01016

Honorable Paul L. Maloney

Mag. Judge Sally J. Berens

**REPLY BRIEF OF DEFENDANTS
DIRECTOR ROBERT GORDON
AND ATTORNEY GENERAL DANA
NESSEL'S JOINT MOTION TO
DISMISS PLAINTIFFS'
COMPLAINT (ECF NO. 13)**

Erin E. Mersino (P70886)
Thomas More Law Center
Attorney for Plaintiffs
24 Frank Lloyd Wright Dr.
P.O. Box 393
Ann Arbor, MI  48106
(734) 827-2001
Erin@greatlakesjc.org

Robert J. Muise (P62849)
American Freedom Law Center
Attorney for Plaintiffs
P.O. Box 131098
Ann Arbor, MI  48113
(734) 635-3756
rmuise@americanfreedomlawcenter.org

Daniel J. Ping (P81482)
Joseph T. Froehlich (P71887)
Raymond O. Howd (P37681)
Assistant Attorneys General
Attorneys for Defendant MDHHS
Director Gordon
P.O. Box 30736
Lansing, MI 48909
(517) 335-7632
PingD@michigan.gov
FroehlichJ1@michigan.gov
HowdR@michigan.gov

Bonnie G. Toskey (P30601)
Sarah Kay Osburn (P55539)
Cohl Stoker & Tosky, P.C.
Attorneys for Defendants Linda Vail and
Carol Siemon
601 N. Capital Ave.
Lansing, MI 48933
(517) 372-9000
btoskey@cstmlaw.com

Ann M. Sherman (P67762)
Deputy Solicitor General
Rebecca A. Berels (P81977)
Assistant Attorney General
Attorneys for Defendant Dana Nessel
P.O. Box 30212, Lansing, MI 48909
(517) 335-7628
ShermanA@michigan.gov
BerelsR1@michigan.gov

---

## REPLY BRIEF OF DEFENDANTS DIRECTOR ROBERT GORDON AND ATTORNEY GENERAL DANA NESSEL'S JOINT MOTION TO DISMISS PLAINTIFFS' COMPLAINT (ECF NO. 13)

Daniel J. Ping (P81482)
Joseph T. Froehlich (P71887)
Raymond O. Howd (P37681)
Assistant Attorneys General
Michigan Dep't of Attorney General
Attorney for Defendant MDHHS
Director Gordon
P.O. Box 30736, Lansing, MI 48909
(517) 335-7632
PingD@michigan.gov
FroehlichJ1@michigan.gov
HowdR@michigan.gov

Ann M. Sherman (P67762)
Deputy Solicitor General
Rebecca A. Berels (P81977)
Assistant Attorney General
Michigan Dep't of Attorney General
Attorneys for Defendant Dana Nessel
P.O. Box 30212, Lansing, MI 48909
(517) 335-7628
ShermanA@michigan.gov
BerelsR1@michigan.gov

## TABLE OF CONTENTS

Page

Index of Authorities ....................................................................................... ii

I.    The mask requirements do not violate Plaintiffs' free exercise of
      religion. .............................................................................................. 1

II.   The mask requirement does not violate Plaintiffs' right to substantive
      due process or equal protection. ......................................................... 5

III.  To the extent this Court disagrees that the Eleventh Amendment
      compels dismissal of Plaintiffs' state-law claims, this Court should
      continue its prior decision to abstain from deciding those claims. ................... 7

Conclusion and Relief Requested ................................................................. 9

i

# INDEX OF AUTHORITIES

Page

**Cases**

*Davis v. Prison Health Servs.*,
   679 F.3d 433 (6th Cir. 2012) ................................................................................ 8

*Employment Division v. Smith*,
   494 U.S. 872 (1990) .......................................................................................... 3

*Maryville Baptist Church, Inc. v. Beshear*,
   957 F.3d 610 (6th Cir. 2020) .............................................................................. 3

*Monclova Christian Academy v. Toledo-Lucas Cty. Health Dep't*,
   No. 20-4300, ___ F.3d ___, 2020 WL 7778170 (6th Cir. Dec. 31, 2020) ............... 5, 6

*New Doe Child #1 v. Congress of the United States*,
   891 F.3d 578 (6th Cir. 2018) .............................................................................. 3

*Ohio Bell Tel. Co. v. Pub. Util. Comm'n of Ohio*,
   301 U.S. 292 (1937) .......................................................................................... 7

*Roman Catholic Diocese of Brooklyn v. Cuomo*,
   141 S. Ct. 63 (2020) ...................................................................................... 4, 5, 6

*Sheffield v. City of Fort Thomas, Ky.*,
   620 F.3d 596 (6th Cir. 2010) .............................................................................. 7

*United States v. James*,
   No. CR1908019001PCTDLR, 2020 WL 6081501 (D. Ariz. Oct. 15, 2020) ............... 7

*Ward v. Polite*,
   667 F.3d 727 (6th Cir. 2012) .............................................................................. 3

I.     **The mask requirements do not violate Plaintiffs' free exercise of religion.**

The portion of the DHHS orders requiring masks in nearly every public space is both neutral and generally applicable.  And neutral and generally applicable laws are presumed constitutional even when they incidentally affect an individual's fundamental constitutional rights.  *Employment Division v. Smith*, 494 U.S. 872, 878–79 (1990); *New Doe Child #1 v. Congress of the United States*, 891 F.3d 578, 591–93 (6th Cir. 2018).  This Court already reached this conclusion, and nothing in Plaintiffs' response brief undermines this Court's statement that "the challenged face-mask requirement is neutral and generally applicable."  (12/16/20 Op. & Order p. 6, ECF No. 24, PageID.698.)

Plaintiffs ignore this Court's analysis, maintaining their position that the DHHS orders are so riddled with "exceptions" as to constitute discrimination.  True, the Sixth Circuit has acknowledged that, "[a]s a rule of thumb, the more exceptions to a prohibition, the less likely it will count as a generally applicable, non-discriminatory law."  *Maryville Baptist Church, Inc. v. Beshear*, 957 F.3d 610, 614 (6th Cir. 2020) (quoting *Ward v. Polite*, 667 F.3d 727, 738 (6th Cir. 2012)).  This is because "[a]t some point, an exception-ridden policy takes on the appearance and reality of a system of individualized exemptions, the antithesis of a neutral and generally applicable policy."  *Id.* (quoting *Ward*, 667 F.3d at 740).

But this Court has already rejected this argument.  (ECF No. 24, PageID.697-698 ("The exceptions listed in the order are very narrow and

1

discrete . . . .".) )  Strangely, despite not filing their response until *seven days* after it was due, *see* W.D. Mich. LCivR 7.2(c), Plaintiffs fail to use that time to address this Court's analysis on this point.  (*See* Pls.' Resp. Br. p. 15, ECF No. 27, PageID.727.) In any event, Plaintiffs misconstrue the meaning of an "exception" in this context, as well as how readily an exception to a rule represents a true constitutional infirmity.

Compare this case to *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 66 (2020), in which the government imposed "very severe restrictions on attendance" for some gatherings (including those centered around religious worship), but not for many others, allowing in some circumstances "even non-essential businesses [to] decide for themselves how many persons to admit."  The exceptions to the restrictions were deemed so widespread, and their "disparate treatment" of gatherings so unmoored from any discernible distinction in health risk, that they called into question the sincerity of the restrictions themselves, inexplicably "singl[ing] out houses of worship for especially harsh treatment" and, as a result, "effectively barring many from attending religious services."  *Id*. at 66, 68.

Drawing on this rationale, the Sixth Circuit recently identified a potential Free Exercise violation in an Ohio county's closure of in-person schools for grades 7-12, given that it left religious schools "closed, while gyms, tanning salons, office buildings, and the Hollywood Casino remain open"—"secular facilities" that *Roman Catholic Diocese* viewed as "'comparable' for purposes of spreading COVID-19."

2

*Monclova Christian Academy v. Toledo-Lucas Cty. Health Dep't*, No. 20-4300, ___ F.3d ___, 2020 WL 7778170, at *3 (6th Cir. Dec. 31, 2020).  As such, the Sixth Circuit concluded the religious-school plaintiffs were likely to be able to show that their closure impermissibly "imposed greater burdens on religious conduct than on analogous secular conduct," and enjoined that closure pending appeal.  *Id*.

No such thing can be said of the DHHS orders' masking requirements and exceptions thereto.  The exceptions are discrete and narrow, plainly targeting circumstances of necessity (such as swimming or eating) or particularly low health risk (such as socially distanced outdoor exercise).  Furthermore, the exceptions are sharply limited to the duration of the activity requiring the mask's removal, minimizing the period of exposure and thus likelihood of infection and spread.  Given these circumscriptions in circumstance and duration, the State has carried its burden to articulate why its interest in a general mask requirement is not undermined by a handful of narrowly tailored exceptions; there is most certainly nothing here akin to permitting a retail store to host "hundreds of people" all day while houses of worship are effectively shuttered.  *Roman Catholic Diocese*, 141 S. Ct. at 67.[1]

---

[1] Although not strictly relevant to the legal issues before this Court, it is worth noting the flaw in Plaintiff's apparent premise that its social-distancing protocols obviate any need for masking.  Masks *plus* distancing is the formula that allows schools to continue indoor in-person learning while reducing infection rates.  *See, e.g.*, Keun-Sang Kwon, et al., *Evidence of Long-Distance Droplet Transmission of SARS CoV-2 by Direct Air Flow in a Restaurant in Korea*, J. Korean Med. Sci.(Nov. 23, 2020) (concluding that "[d]roplet transmission can occur at a distance greater than 2 m if there is direct air flow from an infected person"), available at https://jkms.org/DOIx.php?id=10.3346/jkms.2020.35.e415.

3

Finally, unlike *Roman Catholic Diocese*, the exceptions are equally available to Plaintiffs—they, too, can permit their students to briefly remove their masks to give a speech to a socially distanced audience, receive swimming lessons, eat lunch, and so on.  (*See* 12/18/20 DHHS Order ¶ 8, ECF No. 27-1, PageID.753.)  In *Roman Catholic Diocese*, the plaintiffs could not avail themselves of the "exceptions" they challenged.  And indeed, rather than "strike at the very heart of the First Amendment's guarantee of religious liberty," *id.* at 68, the DHHS orders' exceptions take pains to provide additional protections for that guarantee, permitting removal of masks to "engag[e] in a religious service" and providing an exemption from penalty under the orders for religious worship.  (*See* 12/18/20 DHHS Order ¶¶ 8(k), 10(d), ECF No. 27-1, PageID.753-754.)

Accordingly, given the infirmities in their legal arguments, Plaintiffs cannot hope to establish a fact question that should reach a jury, and dismissal is therefore appropriate.  Plaintiffs ask this Court to compare discrete exceptions permitting removal of a mask for a limited number of activities for a limited time, to full-time in-person instruction inside a school building.  Unlike the gatherings at issue in *Roman Catholic Diocese* and *Monclova*, these activities are not remotely " 'comparable' for purposes of spreading COVID-19," and Plaintiffs have identified no viable basis to conclude that the masking requirements in DHHS's orders "impose[] greater burdens on religious conduct than on analogous secular conduct." *Monclova*, 2020 WL 7778170 at *3.

Finally, Plaintiffs spill much ink attempting to poke holes in the scientific consensus that wearing a mask reduces the spread of the virus.  (ECF No. 27, PageID.720-722.)  But notwithstanding the general rule about record evidence at the motion-to-dismiss stage, "[c]ourts take judicial notice of matters of common knowledge." *Ohio Bell Tel. Co. v. Pub. Util. Comm'n of Ohio*, 301 U.S. 292, 301 (1937).  And Plaintiffs' arguments "regarding the inefficacy and dangers of masks are unconvincing in the face of CDC guidance, of which the Court [should] take[] judicial notice." *United States v. James*, No. CR1908019001PCTDLR, 2020 WL 6081501, at *1 (D. Ariz. Oct. 15, 2020).  Even if this Court takes judicial notice of only the *existence* of that consensus—as opposed to the *truth* of it—the consensus still suffices to establish a rational basis for the DHHS orders, which expressly rely on "the advice of scientific and medical experts."  (12/18/20 DHHS Order p. 3, ECF No. 27-1, PageID.747.)  *Sheffield v. City of Fort Thomas, Ky.*, 620 F.3d 596, 614 (6th Cir. 2010) ("[T]o pass rational-basis scrutiny, ordinances need not be supported by scientific studies or empirical data; nor need they be effective in practice.  Rather, it is enough that there is an evil at hand for correction, and that it might be thought that the particular . . . measure was a rational way to correct it." (cleaned up)).

## II.   The mask requirement does not violate Plaintiffs' right to substantive due process or equal protection.

Similarly, the DHHS orders' masking requirements do not violate Plaintiffs' right to due process or equal protection.

5

With respect to Plaintiffs' substantive due process claim, Plaintiffs concede that the rational basis standard applies.  (Pls.' Resp. Br. p. 17, ECF No. 27, PageID.729.)  Under that standard, they have the burden to "demonstrate that the government action lacks a rational basis either by negativing every conceivable basis which might support the government action, or by demonstrating that the challenged government action was motivated by animus or ill-will."  *Davis v. Prison Health Servs.*, 679 F.3d 433, 438 (6th Cir. 2012) (cleaned up).  Plaintiffs' conclusory response does neither.  It asserts only that "the data upon which [Defendants] rely has no rational or substantive relationship to this overburdensome order drawn with arbitrary lines."  (Pls.' Resp. Br. pp. 16–17, ECF No. 27, PageID.728-729.)  This argument is too threadbare to permit this claim to proceed, and this claim should be dismissed.  More important, Plaintiffs' assertion is inaccurate.  As set forth above, the rational-basis standard is easily met here.

Plaintiffs' equal protection claim fares the same.  Even after this Court warned Plaintiffs that their argument was "conclusory" at the preliminary-injunction stage, they again fail to do anything more than list the exceptions to the masking requirement.  (Pls.' Resp. Br. p. 17, ECF No. 27, PageID.729.)  Given the State's articulation of a rational basis for this portion of the DHHS order, the burden falls on Plaintiffs to rebut every conceivable basis for the alleged disparate treatment, and their response does not go far enough.  The exceptions apply universally; the masking exceptions are equally available to Plaintiffs.  And a full-time, in-person school does not comprise individuals "similarly situated" to those

6

who engage in discrete, brief activities, the nature of which requires temporarily removing one's mask.  Nor are the risks comparable.  Plaintiffs' right to equal protection has not been infringed.

III.   **To the extent this Court disagrees that the Eleventh Amendment compels dismissal of Plaintiffs' state-law claims, this Court should continue its prior decision to abstain from deciding those claims.**

In its December 16 order, this Court acknowledged that Plaintiffs' state-law claims "have not yet been considered by the Michigan courts" and, as a result, it declined to address "a novel question of state law for the first time."  (12/16/20 Op. & Order p. 6, ECF No. 24, PageID.698.)  As Defendants have briefed, the Eleventh Amendment compels dismissal of those state-law claims.  But even if this Court were to conclude otherwise, it should adopt the same prudence and respect for federalism and comity reflected in its prior order and abstain from deciding them.

Plaintiffs disagree.  But they do so by appealing to "their rights protected by [the] United States Constitution" as against those who "threaten these rights." (Pls.' Resp. Br. p. 26, ECF No. 27, PageID.738.)  This lands well wide of the mark, as it speaks to the Court's consideration of Plaintiffs' *federal* claims.  This Court abstained, however, only from reaching Plaintiffs' *state-law* claims, and Plaintiffs offer nothing to cast doubt on the wisdom or propriety of that decision.  (Notably, Plaintiffs' response to Defendants' Eleventh Amendment defense suffers from the same glaring flaw—the authority they cite stands only for the proposition that a state official may be enjoined from violating *federal* law, and Plaintiffs' state-law claims do not allege that the Michigan statutes violate anything other than state

7

law.)  And Plaintiffs' assertion that they will be harmed by a "delay" attendant to abstention is belied by their casual submission of their response brief a week after the deadline, not to mention their ongoing ability to pursue their claims in the proper state-court forum at any time.

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, as well as those more fully explained in their motion to dismiss (ECF Nos. 13, 14), Defendants respectfully ask this Court to dismiss Plaintiffs' lawsuit in its entirety.  Their federal claims are without merit, and their state-law claims are barred by the Eleventh Amendment.

Respectfully submitted,

/s/ Daniel J. Ping
Daniel J. Ping (P81482)
Joseph T. Froehlich (P71887)
Raymond O. Howd (P37681)
Assistant Attorneys General
Michigan Dep't of Attorney General
Attorney for Defendant MDHHS
Director Gordon
P.O. Box 30736, Lansing, MI 48909
(517) 335-7632
PingD@michigan.gov
FroehlichJ1@michigan.gov
HowdR@michigan.gov


/s/ Ann M. Sherman
Ann M. Sherman (P67762)
Deputy Solicitor General
Rebecca A. Berels (P81977)
Assistant Attorney General
Michigan Dep't of Attorney General
Attorneys for Defendant Dana Nessel
P.O. Box 30212, Lansing, MI 48909
(517) 335-7628
ShermanA@michigan.gov
Dated: January 6, 2020                    BerelsR1@michigan.gov

9

## CERTIFICATE OF COMPLIANCE WITH LCIVR 7.2(C)

In accordance with LCivR 7.2(c), this brief contains no more than 4,300 words.  This document contains 2,853 words.

Respectfully submitted,

*/s/ Daniel J. Ping*
Daniel J. Ping (P81482)
Joseph T. Froehlich (P71887)
Raymond O. Howd (P37681)
Assistant Attorneys General
Michigan Dep't of Attorney General
Attorney for Defendant MDHHS
Director Gordon
P.O. Box 30736, Lansing, MI 48909
(517) 335-7632
PingD@michigan.gov
FroehlichJ1@michigan.gov
HowdR@michigan.gov

*/s/ Ann M. Sherman*
Ann M. Sherman (P67762)
Deputy Solicitor General
Rebecca A. Berels (P81977)
Assistant Attorney General
Michigan Dep't of Attorney General
Attorneys for Defendant Dana Nessel
P.O. Box 30212, Lansing, MI 48909
(517) 335-7628
ShermanA@michigan.gov

Dated: January 6, 2020                    BerelsR1@michigan.gov

10

## PROOF OF SERVICE (E-FILE)

I hereby certify that on January 6, 2020, I electronically filed the foregoing

document(s) with the Clerk of the Court using the ECF System, which will provide

electronic notice and copies of such filing of the following to the parties:

Erin E. Mersino                      Bonnie G. Toskey
 Erin@greatlakesjc.org               btoskey@cstmlaw.com

Robert J. Muise
 rmuise@americanfreedomlawcenter.org

A courtesy copy of the aforementioned document was placed in the mail

directed to:  Judge Paul L. Maloney, 137 Federal Bldg., 410 W. Michigan Ave.,

Kalamazoo, MI  49007.

                                        /s/ Daniel J. Ping
                                        Daniel J. Ping (P81482)
                                        Assistant Attorney General
                                        Michigan Dep't of Attorney General
                                        Attorney for Defendants Governor
                                        Whitmer and MDHHS Director Gordon
                                        P.O. Box 30736, Lansing, MI 48909
                                        (517) 335–7632
Dated: January 6, 2021                  pingd@michigan.gov

11