UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RESURRECTION SCHOOL, et al., )
      Plaintiffs, )
)  No. 1:20-cv-1016
-v- )
)  Honorable Paul L. Maloney
ELIZABETH HERTEL, et al., )
      Defendants. )
)

## ORDER DENYING TEMPORARY RESTRAINING ORDER

Plaintiffs filed a motion for a temporary restraining order (TRO), seeking an injunction against the County Defendants' order requiring the use of facial coverings (masks) for all K-5 students.  (ECF No. 32.)

Decisions regarding a temporary restraining order are within the discretion of a district court.  *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met.  Fed. R. Civ. P. 65(b)(1).  First, the moving party must establish specific facts through an affidavit or a verified complaint or affidavit showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion.  Fed. R. Civ. P. 65(b)(1)(A).  Second, the counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required.  Fed. R. Civ. P. 65(b)(1)(B).  In addition, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without

the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Northeast Ohio Coalition*). The four factors are not prerequisites that must be met but are interrelated concerns that must be balanced together. *See Northeast Ohio Coalition*, 467 F.3d at 1009.

First, the Court concludes it has jurisdiction over this matter. The Court denied an earlier motion for a temporary restraining order requesting an injunction against an emergency order issued by the Michigan Department of Health and Human Services, which Plaintiffs appealed. The Sixth Circuit affirmed in an opinion issued on August 23, 2021. *Resurrection Sch. v. Hertel*, —F.4th—, 2021 WL 3721475 (6th Cir. Aug. 23, 2021).[1] The mandate has not yet issued. The present motion seeks relief from an order issued by the Ingham County Health Department on September 2, 2021. (ECF No. 33-1.)

Second, the Court finds Plaintiffs did not meet one of the procedural requirements for a TRO. Plaintiffs have not filed any affidavits or a verified complaint. *See* Fed. R. Civ. P. 65(b)(1)(A). As part of the request for the first TRO, Plaintiffs filed declarations from several individuals. (*See, e.g.,* ECF No. 8-1.) No similar affidavits or declarations have been filed as part of this request.

Third, setting aside the procedural concerns, the Court concludes Plaintiffs have not met their burden. Plaintiffs attempt to distinguish their prior request from this motion, identifying three differences. Plaintiffs contend the County's order provides for

---

[1] The circuit opinion is part of the record and is filed in the Court's electronic docket. (ECF No. 30.)

individualized exemptions, which violates *Fulton v. City of Philadelphia*, 141 S. Ct. 1868 (2021). Plaintiffs raised this issue at oral argument on appeal. The Sixth Circuit concluded that the exemptions in the MDHHS order were not the same as the discretionary exemptions in *Fulton* (the commissioner could grant exemptions in her "sole discretion"). (ECF No. 30 PageID.822.) The exemptions in the County's order are similar (even narrower) than the exemptions in the MDHHS order. The circuit court's August 23 opinion is either law of the case, binding precedent, or highly persuasive, which this Court cannot ignore.

Plaintiffs also contend the County's school mask order is not generally applicable because it does not apply to all public spaces. Similar concerns were raised in *Monclova Christian Academy v. Toledo-Lucas County Health Department*, 984 F.3d 477, 480-82 (6th Cir. 2020), which was issued approximately two weeks after this Court denied the earlier request for a TRO. Then, in April 2021, the United States Supreme Court considered a similar argument about how courts should compare secular and religious activities for these sorts of Free Exercise challenges. *Tandon v. Newsom*, 141 S. Ct. 1294 (2021) (per curiam). Again, the Sixth Circuit considered and rejected Plaintiffs' argument as part of the appeal. (ECF No. 30 PageID.819-21.) The court concluded that the appropriate comparable secular activity was "public and private nonreligious schools." (*Id.* PageID.821.) This Court is bound by that determination.

Finally, Plaintiffs argue that the County's order targets religious schools and religious practices. As evidence, Plaintiffs direct the Court to a newspaper article, which contains the following passage. "Ingham County officials say that 97% of students in public schools are already attending a district where masks have been required." Plaintiffs want the Court to

infer that because public school students must already wear masks because of local district mandates, the County mandate was issued to reach religious schools. Laws, or in this case health department orders, that target religious beliefs and religious practices are "never permissible." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 533 (1993). On the present record, the Court declines to issue an TRO on the basis of this ambiguous statement made by an unnamed county official. TROs are a rare exception and should be granted sparingly. TROs "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and opportunity to be heard has been granted to both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). The Court must afford Defendants an opportunity to be heard on this matter before the Court will issue any injunction.

Accordingly, the Court **DENIES** Plaintiffs' motion for a temporary restraining order. (ECF No. 32.)

The Court will hold a hearing for a preliminary injunction on Thursday, September 23, 2021, at 9:00 a.m. at 174 Federal Building, 410 W. Michigan Ave., Kalamazoo, MI.

Defendants may file a response to Plaintiffs' motion no later than Wednesday, September 15, 2021, at 12 p.m. (noon). Plaintiffs may file a reply no later than Friday, September 17, 2021, at 5:00 p.m. **IT IS SO ORDERED.**

Date: September 3, 2021 /s/ Paul L. Maloney
                                                                                          Paul L. Maloney
                                                                            United States District Judge