IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RESURRECTION SCHOOL; CHRISTOPHER MIANECKI, individually and as next friend on behalf of his minor children C.M., Z.M., and N.M.; and STEPHANIE SMITH, individually and as next friend on behalf of her minor child F.S.,<br>Plaintiffs,<br><br>v.<br><br>ROBERT GORDON, in his official capacity as the Director of the Michigan Department of Health and Human Services; DANA NESSEL, in her official capacity as Attorney General of the State of Michigan; LINDA S. VAIL, in her official capacity as the Health Officer of Ingham County; and CAROL A. SIEMON, in her official capacity as the Ingham County Prosecuting Attorney,<br>Defendants. | No. 20-cv-1016<br><br>Hon. Paul L. Maloney<br><br>**EXPEDITED CONSIDERATION REQUESTED** |

## MOTION FOR INJUNCTION PENDING APPEAL

Plaintiffs Resurrection School, Christopher Mianecki, individually and as next friend on behalf of his minor children, C.M., Z.M., and N.M. ("Plaintiffs"),[1] by and through undersigned counsel, hereby move this Court for an injunction pending appeal to immediately and preliminarily enjoin the enforcement of Defendant Linda Vail's September 2, 2021 order. (ECF No. 33-1). Plaintiffs request expedited consideration of this motion in light of the current circumstances.

On September 3, 2021, Plaintiffs filed an emergency motion to enjoin Ingham County's order, seeking the very same relief sought by this motion. The parties submitted briefing and declarations, and the Court held a preliminary injunction hearing and heard testimony of witnesses

---

[1] Plaintiff Stephanie Smith, individually and as next friend on behalf of her minor child F.S., are not part of this motion. F.S. is presently attending a Catholic school outside of Ingham County that is not subject to a county mask order.

on September 23 and 28, 2021.  *See* (ECF Nos. 33, 43, and 46); Decl. and Supp. Decl. of Epidemiologist Dr. Daniel T. Halperin, (ECF Nos. 40, 40-1 and 41, PageID.946-993), Testimony of Principal Jacob Allstott (ECF No. 51, PageID.1063-1103), Testimony of Industrial Hygienist Stephen Petty (ECF No. 52, PageID.1191-1242), Decl. of Jacob Allstott (ECF No. 8-1, PageID.172-181), Decl. of Christopher Mianecki (ECF No. 8-2, PageID.182-191), Verified Supp. Complaint (ECF No. 37-1, PageID.907-920).

On November 3, 2021, the Court denied Plaintiffs' motion.  (ECF No. 62, PageID.1468-83).  That same day, Plaintiffs filed a Notice of Appeal, seeking appellate review of the Court's denial of their request for an injunction.  (ECF No. 63, PageID.1484).  Plaintiffs' interlocutory appeal is authorized by 28 U.S.C. § 1292.

Plaintiffs intend to file a motion for an injunction pending appeal in the United States Court of Appeals for the Sixth Circuit.  However, before doing so, Plaintiffs are "ordinarily" required to "move first in the district court."  *See* Fed. R. App. P. 8.  And while Plaintiffs understand the likely futility of this motion, they are nonetheless compelled to file it in order to maintain the ability to seek such relief in the appellate court.  *See id.; see also LaPorte v. Gordon*, No. 20-1269, 2020 U.S. App. LEXIS 10951, at *2 (6th Cir. Apr. 7, 2020) ("Just because the district court denied an injunction pending its own ultimate determination on the merits does not necessarily mean that the district court would deny an injunction pending the interlocutory appeal to this court.").

In light of the record currently before this Court—more specifically, as set forth in Plaintiffs' briefs, the Declarations of Dr. Daniel T. Halperin, and exhibits filed in support of their

motion for a preliminary injunction,[2] as well as the hearing transcript,[3] all of which Plaintiffs rely on and incorporate here by reference—Plaintiffs believe that they will ultimately succeed on the merits of their claims that Defendant Vail's order is unconstitutional. *See, e.g.*, Pls' Closing Br. (ECF No. 49, PageID.1027-1048).

For the reasons articulated in Plaintiffs' accompanying Brief in Support, (1) Plaintiffs are reasonably likely to succeed on the merits of their claims; (2) Plaintiffs are suffering a continuing, irreparable harm in the absence of preliminary relief that outweighs any harm the Government may suffer if the preliminary injunction is granted; (3) Plaintiffs have no adequate remedy at law; and (4) an injunction in this case furthers the public interest. Accordingly, Plaintiffs respectfully move this Court to issue a preliminary injunction in the form of the Proposed Order attached to this motion.

Pursuant to Local Rule 7.1, Plaintiffs' counsel certifies that on November 4, 2021, she sought concurrence in the motion from all Defendants, and it was denied by Defendants Vail and Siemon and not gained by the other Defendants by the time of this filing.

Date: November 5, 2021          Respectfully submitted,

                                GREAT LAKES JUSTICE CENTER

                                /s/ Erin Elizabeth Mersino
                                Erin Elizabeth Mersino, Esq. (P70886)
                                5600 W. Mount Hope Hwy.
                                Lansing, MI 48917
                                Tel: (917)826-8469; Fax: (517) 322-3206
                                erin@greatlakesjc.org

---

[2] Decl. and Supp. Decl. of Epidemiologist Dr. Daniel T. Halperin, (ECF Nos. 40, 40-1 and 41, PageID.946-993), Testimony of Principal Jacob Allstott (ECF No. 51, PageID.1063-1103), Testimony of Industrial Hygienist Stephen Petty (ECF No. 52, PageID.1191-1242), Decl. of Jacob Allstott (ECF No. 8-1, PageID.172-181), Decl. of Christopher Mianecki (ECF No. 8-2, PageID.182-191), Verified Supp. Complaint (ECF No. 37-1, PageID.907-920).
[3] Testimony of Principal Jacob Allstott (ECF No. 51, PageID.1063-1103), Testimony of Industrial Hygienist Stephen Petty (ECF No. 52, PageID.1191-1242).

AMERICAN FREEDOM LAW CENTER

<u>/s/ *Robert J. Muise*</u>
Robert J. Muise, Esq. (P62849)
PO Box 131098
Ann Arbor, Michigan 48113
Tel: (734) 635-3756; Fax: (801) 760-3901
rmuise@americanfreedomlawcenter.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the court's electronic filing system. Parties may access this filing through the court's system. I further certify that a copy of the foregoing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically: None.

                GREAT LAKES JUSTICE CENTER

                /s/ Erin Elizabeth Mersino
                Erin Elizabeth Mersino, Esq. (P70886)